## GEORGE *v.* PATTERSON.

Decided March 19, 1892.

*Guardian and ward—Misleading instruction.*

> In a suit by a ward to recover from her guardian the amount shown due on final settlement, where the only issue is whether, after she became of age, she accepted the notes of third persons in satisfaction of the guardian's liability, it is reversible error for the court to read to the jury as part of the law of the case sections 3501, 3512, 3514, 3517, 3532–5 of Mansfield's Digest, relating to the duties and liabilities of a guardian.

APPEAL from *Jefferson* Circuit Court.

JOHN M. ELLIOTT, Judge.

*Bell & Bridges* for appellant.

1. The court erred in reading as the law of the case sections 3501, 3512, 3514, 3517, 3532–3–4–5 of Mansf. Dig., because they were abstract, and had no applicability to the case whatever, and misled the jury.

2. The court erred in giving the second, third and fourth instructions. There was no proof of any condition to the surrender of the notes, which was a complete and actual transaction, completed August 16, 1887. The second instruction made the order of January, 1889, made without notice, conclusive.

3. The verdict is contrary to the evidence.

*N. T. White* for appellee.

1. Even if it was error to read to the jury the sections objected to, it was not reversible error. 54 Ark., 289. But those sections were necessary to a proper understanding of the law by the jury.

2. The facts were properly submitted to a jury, and they have found that the conditions were not complied with. This court will not reverse upon the weight of the testimony. 51 Ark., 475; 39 *id.*, 258. The jury found as a fact that Mrs. Patterson had not directed George to turn over the notes absolutely, but upon a condition that never happened.

3. The court charged the jury that the order, if made without notice to the guardian and after settlement, was not binding upon him. 46 Ark., 260; 14 *id.*, 170.

4. A guardian cannot make or build extensive improvements upon a ward's lands without an order of court. 9 Am. & Eng. Enc. Law, p. 116, and note 2.

5. An unjust private settlement with a ward, after she becomes of age, will be set aside and a release avoided. 54 Ark., 640.

HUGHES, J. The appellee, Josiah Patterson (née Nichol), and her husband, W. E. Patterson, brought this suit against the appellant, Thomas M. George, and the sureties on the bond of the said Thomas M. George as guardian of the said Josiah Nichol, to recover $1916.78, shown to be due her by the third annual and final settlement of said George as such guardian, filed in the probate court of Jefferson county, on the 5th day of July, 1886, which settlement was confirmed at the October term of said court, in the same year.

The ward, Josiah Nichol, arrived at full age the 8th day of March, 1887. At the January term of the probate court in 1889, an order was made directing her guardian to pay over to her the $1916.78, found by said settlement to be due her. These facts are all set up in the complaint.

The appellee, George, in his answer admitted that the settlement was made and confirmed as set out, and also admitted that the order for payment was made as stated, but stated that the same was made without notice to him, and in his absence and without his knowledge, and denied his liability for the sum claimed or any other amount. He also stated in his answer that, prior to August 16, 1887, he had loaned the money, by consent of Josiah Patterson, to her sisters, as follows, to Maud Nichol $971.32, to Lytie Nichol $838.34, and had taken their notes for the amounts, payable to Josiah Nichol; that, on the 16th day of August, 1887, he had a settlement with Josiah Nichol, and at her request turned over to her the two notes in full payment of so much as they were given for, and that for the balance he had claims against her for money paid to and for her, which she recognized, and that he paid over to her all that was due her. Appellee denied the counter-claim of the appellant, a verdict was returned for the appellee, and judgment was rendered thereon for $2201.89. Appellee moved for a new trial, which was denied, to which he excepted and appealed.

There was evidence tending to support the contention of the plaintiff (the appellee), and there was evidence tending to support the counter-claim of the appellant.

Thomas M. George testified that the money loaned to Maud and Lytie Nichol, for which the notes were given, was to enable them to pay their proportion of the cost of a levee, which he erected to protect his wife's land and the lands of Maud and Lytie from overflow, and was by him expended for that purpose. There was testimony for the appellee that the money was not expended in building the levee, and that Maud and Lytie received none of it, and that it was not expended for their benefit. The testimony for the appellee

tended to show that Josiah Nichol had directed George, her guardian, to deliver to Maud and 'Lytie the notes executed by them respectively, as gifts to them, on condition only that Josiah became a nun in the Catholic church, which she contemplated, but afterwards abandoned and married, and that the event upon the occurrence of which alone George was to deliver the notes to Maud and Lytie had never transpired; that if Josiah did not become a nun, George was to pay her the amount of these notes; that George had delivered these notes to Maud and Lytie, and that they had not paid, but destroyed them.

The first error insisted upon in the motion for a new trial is that the court read to the jury as part of the law in the case sections 3501, 3512, 3514, 3517, 3532, 3533, 3534 and 3535 of Mansfield's Digest.

The second ground of the motion for new trial was that the court erred in giving instruction No. 2, asked for by the plaintiff. The third ground of the motion was that the court erred in giving the third instruction asked for by the plaintiff.

Section 3501 of Mansfield's Digest relates to expenditures by a guardian in the maintenance and education of the ward; 3512, 3514 and 3517 relate to the loaning by the guardian of the ward's money, and how the guardian may avoid liability therefor. Sections from 3532 to 3535 inclusive relate to settlements by guardians, how they shall procure their discharge, and the property they shall turn over to their wards upon the ceasing of their guardianship. None of these sections seem to have any application to this case, and were calculated only to confuse and mislead the jury, and it was error to read them to the jury, for which the case must be reversed.

The real and only question in the case is a question of fact, and that is whether Josiah Nichol, the appellee, after she arrived at full age, accepted the notes of Maud and Lytie Nichol in satisfaction of the appellant George's liability, as her guardian, to her for the amount shown to be due her by

his settlement as such guardian, confirmed in October, 1886.

The ward became of full age on the 8th day of March, 1887, when the guardianship ceased except for purpose of settlement. Mansfield's Digest, sec. 3532.

The last and final settlement of the guardian was approved by the probate court in October, 1886. About three years afterwards, in 1889, an order was made in the probate court that George, the former guardian, pay to Josiah Patterson the $1916.78 found due her at the settlement confirmed in October, 1886. George might show, notwithstanding this order, that since said settlement he had paid his ward in full or in part, and discharged his liability to her to the extent of his payments. The order did not conclude him, and could not as to this. It was not an adjudication whether the guardian had paid all or any part of the amount found due her at the final settlement of the guardian, confirmed in 1886.

In this view of the case, it would be profitless to discuss the instructions.

For the error indicated the judgment is reversed, and the cause is remanded for a new trial.